# Exhibit 1

1  PEASE LAW, APC
   Bryan W. Pease (SBN 239139)
2  Email: bryan@peaselaw.org
   Parisa Ijadi-Maghsoodi (SBN 273847)
3  Email: parisa@peaselaw.org
4  3960 W. Point Loma Blvd., Suite H-2562
   San Diego, CA 92110
5  Tel: (619) 723-0369

6
   LAW OFFICES OF G. DAVID TENENBAUM
7  G. David Tenenbaum (SBN 150629)
   Email: g.davidtenenbaum@gmail.com
8  269 S. Beverly Drive #1041
   Beverly Hills, CA 90212
9  Ph. (312) 404-7723

10
11 Attorneys for Plaintiff/Petitioner
   Cory Mac A'Ghobhainn

Electronically FILED by
Superior Court of California,
County of Los Angeles
7/10/2023 8:23 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By R. Perez, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| CORY MAC A'GHOBHAINN,<br><br>**Plaintiff,**<br>vs.<br><br>CITY OF LOS ANGELES; ALEXANDER KIM; KAREN A. CRUZ; and DOES 1-10,<br><br>**Defendants.** | CASE NO. 23STCV16002<br><br>**VERIFIED COMPLAINT** |

Exhibit 1 - Page 8
1
VERIFIED PETITION AND COMPLAINT

**PARTIES**

1. Plaintiff CORY MAC A'GHOBHAINN is an individual residing in Los Angeles County.

2. Defendant CITY OF LOS ANGELES is a charter city in California.

3. Defendant Karen A. Cruz is a Los Angeles Police Department officer, named in her official and individual capacities.

4. Defendant Alexander Kim is a Los Angeles Police Department sergeant, named in his official and individual capacities.

5. Plaintiff does not know the true names and capacities of the Defendants named in this action as DOES 1-10, and therefore, sue them under fictitious names. Plaintiff will request permission to amend this complaint, or substitute the Doe Defendants via a Court-approved form, to state the true names and capacities of these fictitiously named Defendants when she ascertains them. Plaintiff alleges that these fictitiously named Defendants are legally responsible in some manner for the acts set forth below, and accordingly, are liable for the relief requested.

**JURISDICTION AND VENUE**

6. This Court has personal jurisdiction over each of the Defendants because each is domiciled in California.

7. This Court has subject matter jurisdiction over the claims asserted herein because relief is sought under California statutory and common law.

8. Venue is proper in this county because the acts and omissions upon which this action is based occurred in this county, and all Defendants reside in this county.

**STATEMENT OF FACTS**

9. On October 3, 2022, Plaintiff Cory Mac A'Ghobhainn was peacefully protesting a controversial animal killing event that involves swinging chickens around in the air and discarding them, in order to "visualize what death is," according to the event organizer.

10. At all times, Plaintiff was on public property along Ventura Boulevard, which includes a public sidewalk and an alleyway.

11. Los Angeles Police Department (LAPD) officers including Defendant Karen Cruz approached Plaintiff and ordered Plaintiff and other protesters not to chant or use amplified sound,

Exhibit 1 - Page 9

2

VERIFIED PETITION AND COMPLAINT

threatening to arrest them if they did. Defendant Cruz also threatened Plaintiff with arrest if she entered the alleyway, despite it being public property and a public forum.

12. Plaintiff asked to speak with Cruz's sergeant, Defendant Alexander Kim. Defendant Kim also threatened Plaintiff with arrest if she were to use amplified sound, which he claimed would be based on a private persons arrest by the organizers of the animal killing event. Kim stated that he would have to accept the arrest, and that it would not be a cite and release. This is a misstatement of law and constitutes a threat of arrest in order to silence and censor Plaintiff and the other protesters.

13. Defendants' threats did in fact have the intended effect of coercing Plaintiff and others similarly situated to not use amplified sound despite such speech being protected by the First Amendment and not prohibited by any statute.

14. Meanwhile, Defendants allowed the event organizer to blare loud music from the strip mall parking lot in which he had erected a makeshift slaughterhouse for killing and discarding animals.

15. Plaintiff timely filed a notice of claim with the City.

16. The City denied Plaintiff's claim on January 11, 2023.

## FIRST CAUSE OF ACTION

### Tom Bane Civil Rights Act – Civil Code § 52.1

17. Plaintiff realleges and incorporates by reference the allegations in each of the preceding paragraphs of this complaint.

18. "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." (*Cornell v. City and County of San Francisco* (2017) 17 Cal. App. 5th 766, 791-792, quoting *Simmons v. Superior Court* (2016), 7 Cal. App. 5th 1113, 1125, quoting *Austin B. v. Escondido Union School Dist.* (2007) 149 Cal. App. 4th 860, 883.

19. Plaintiff had a clearly delineated and plainly applicable right under the First Amendment and Article I, Section 2 of the California Constitution to (a) use amplified sound to convey her message in a public forum, and (b) protest in the alley behind the strip mall, which is public property and a public forum.

Exhibit 1 - Page 10

3

VERIFIED PETITION AND COMPLAINT

20. Plaintiff also had a clearly delineated and plainly applicable right under the Fourteenth Amendment and Article I, Section 7 of the California Constitution to freedom of movement to enter the alley behind the strip mall, which is public property and a public forum.

21. Defendants threatened to arrest Plaintiff, and thereby violate her Fourth Amendment right to be free from arrest without probable cause, with the particular purpose of depriving Plaintiff of her enjoyment of aforementioned First Amendment, Fourteenth Amendment, and California Constitution, Article I, Section 2 and 7 rights to freedom of speech, assembly, and movement.

22. In doing so, Defendants acted intentionally or at least in reckless disregard of Plaintiff's First and Fourteenth Amendment rights and rights under Article I, Section 2 and 7 of the California Constitution.

23. "[T]he threat of arrest carries with it the threat that one's compliance, if not otherwise forthcoming, will be physically forced. Thus, the use of force is implicit when arrest is threatened." (*People v. Majors* (2004), 33 Cal. 4th 321, 331.)

24. By threatening unlawful force against Plaintiff in the form of a false arrest, Defendants intended to, and in fact did cause, Plaintiff to not exercise her First Amendment and Article I, Section 2 rights to use amplified sound and protest in a public forum of her choosing, and also to not exercise her Fourteenth Amendment and Article I, Section 7 right to move about freely in a public place.

25. Phrasing the threat of arrest as "accepting" a private persons arrest makes no difference, as Defendants knew they lacked any probable cause to accept any such arrest.

26. Defendants Cruz and Kim were uniformed, on duty LAPD officers at the time they made these threats, making Defendant City of Los Angeles vicariously liable for their actions.

27. Plaintiff was harmed as a result of Defendants' actions.

28. Plaintiff is entitled to statutory penalties, treble damages, injunctive relief against such threats being made in the future, and attorneys' fees.

## SECOND CAUSE OF ACTION

### Ralph Act – Civil Code §51.7

29. Plaintiff realleges and incorporates by reference the allegations in each of the preceding paragraphs of this complaint.

Exhibit 1 - Page 11
4
VERIFIED PETITION AND COMPLAINT

30. Defendants Cruz and Kim threatened unlawful violence—to wit, the threat of a false arrest without probable cause—against Plaintiff due to her identification as an animal rights activist who was opposed to the animal killing event, while allowing those putting on the event to engage in exactly the same acts at the same location of using amplified sound.

31. After Defendants Cruz and Kim threatened Plaintiff with false arrest if she were to use any amplified sound despite Defendants allowing the animals killing event to blare loud music, Plaintiff specifically asked if this would be a citation or if she would be taken to jail. Defendants responded that she would be taken to jail, and it would not be just a citation.

32. However, the requirements for a custodial arrest as opposed to a cite and release in Penal Code § 853.6(i) were not met here. Accordingly, the threat of a custodial arrest for any use of amplified sound constituted "violence" in the context of a threat of false imprisonment, which is "the exercise of physical force used to restrain over and above the force reasonably necessary to effect such restraint." (*People v. Bamba* (1997), 58 Cal. App. 4th 1113, 1123.)

### THIRD CAUSE OF ACTION

### Abuse of Elder Person – Welfare & Institutions Code § 15610.63

33. Plaintiff realleges and incorporates by reference the allegations in each of the preceding paragraphs of this complaint.

34. Plaintiff is and at all times relevant to this complaint was over the age of 65.

35. In threatening a custodial arrest of Plaintiff, despite the elements of Penal Code § 853.6(i) not being met, Defendants assaulted Plaintiff. "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." (Pen. Code § 240.)

36. Threat of a false custodial arrest for committing no crime, and when the elements for a custodial arrest rather than a cite and release are not met, constitutes such an assault.

37. Assault constitutes "physical abuse" under Welfare & Institutions Code § 15610.63.

38. Defendants Cruz and Kim are guilty of recklessness, oppression, fraud, and malice in the commission of this abuse. Based on any one of these factors being present, Plaintiff is entitled to attorneys' fees under § 15657.

Exhibit 1 - Page 12

5

VERIFIED PETITION AND COMPLAINT

## FOURTH CAUSE OF ACTION

### Waste of Public Funds -- CCP § 526a

39. Plaintiff realleges and incorporates by reference the allegations in each of the preceding paragraphs of this complaint.

40. Code of Civil Procedure § 526a permits private individuals or entities to bring an action to "obtain a judgment, restraining and preventing any illegal expenditure of, waste of, or injury to, the estate, funds, or other property of a local agency."

41. Every year, LA Sanitation sends out special trucks to pick up hundreds of chicken carcasses from the killing and discarding event and dispose of them using public funds. This constitutes an illegal expenditure and waste of public funds due to the animal killing and discarding event itself being illegal and carried out in violation of local and state laws.

42. The City also pays police officers overtime to attend the animal killing and discarding event en masse and violate the free speech rights of Plaintiff and other peaceful protesters, which also constitutes an illegal expenditure and waste of public funds.

43. Plaintiff is entitled to public injunctive relief enjoining the use of public funds for such illegal and wasteful expenditures.

## FIFTH CAUSE OF ACTION

### Violation of California Constitution

44. Plaintiff realleges and incorporates by reference the allegations in each of the preceding paragraphs of this complaint.

45. Defendants violated Plaintiff's right to freedom of speech and assembly under Article I, Section 2 and right to due process and equal protection under Article I, Section 7 of the California Constitution by threatening to falsely arrest Plaintiff if she were to use amplified sound or carry her peaceful protest into the public alleyway.

46. Plaintiff is entitled to injunctive and declaratory reliedf to prevent such violations in the future.

///

///

Exhibit 1 - Page 13

6

VERIFIED PETITION AND COMPLAINT

## SIXTH CAUSE OF ACTION

### 42 U.S.C. § 1983

**(Against Cruz and Kim in their individual capacities)**

47. Plaintiff realleges and incorporates by reference the allegations in each of the preceding paragraphs of this complaint.

48. Defendants Cruz and Kim violated Plaintiff's clearly established First Amendment rights to freedom of speech and assembly in threatening to arrest Plaintiff if she were to use amplified sound or carry her peaceful protest into the public alleyway.

49. Defendants Cruz and Kim violated Plaintiff's clearly established Fourteenth Amendment rights to freedom of movement in a public place by threatening to arrest Plaintiff if she carried her peaceful protest into the public alleyway.

50. Defendants Cruz and Kim also violated Plaintiff's clearly established First Amendment rights by engaging in viewpoint discrimination by ordering Plaintiff not to use amplified sound under threat of arrest, while simultaneously allowing the animal killing event to blare loud music at the same time and location.

51. Defendants Cruz and Kim were at all relevant times acting under color of state law.

52. Plaintiff was harmed by Defendants' actions.

53. Plaintiff is entitled to damages and injunctive relief preventing such constitutional violations in the future.

## SEVENTH CAUSE OF ACTION

### Declaratory Relief

54. Plaintiff realleges and incorporates by reference the allegations in each of the preceding paragraphs of this complaint.

55. There is an actual and justiciable controversy between the parties regarding whether Plaintiff may use amplified sound in a public forum.

56. A judicial declaration of the rights and obligations of the parties is necessary to ensure there are no future invasions of Plaintiff's rights.

Exhibit 1 - Page 14

7

VERIFIED PETITION AND COMPLAINT

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for judgment against Defendants as follows:

1. For damages to be proven at trial;
2. For statutory penalties and treble damages under Civil Code §§51.7 and 52.1;
3. For injunctive relief preventing Defendants from interfering with Plaintiff's rights under the First and Fourteenth Amendments and Article I, Sections 2 and 7 of the California Constitution;
4. For declaratory relief that Plaintiff may use amplified sound in a public forum;
5. For injunctive relief preventing the unlawful expenditure of funds to provide disposal services for unlawful animal killing and discarding events;
6. For injunctive relief preventing the unlawful expenditure of funds to pay police to violate the Constitutional rights of peaceful protesters;
7. For attorneys' fees;
8. For costs of suit;
9. For pre- and post-judgment interest; and
10. For such other and further relief as the Court deems just and proper.

Dated: July 10, 2023            By: _____
                                Bryan Pease, Esq.
                                Attorney for Plaintiff

Exhibit 1 - Page 15
8
VERIFIED PETITION AND COMPLAINT